IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ATKA ARI,<br><br>                    Petitioner,<br><br>          v.<br><br>LAVELLE PARKER, Warden,<br><br>                    Respondent. | NO. CV 26-02161-WLH (ACCV)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE TO FILING A CIVIL RIGHTS ACTION** |

For the reasons discussed below, the Court summarily dismisses the Petition for Writ of Habeas Corpus ("Petition") without prejudice to the filing of a civil rights action.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a state inmate incarcerated in the California Institution for Women. (Petition, Dkt. No. 1 at 1.)[1] Petitioner appears to be incarcerated after a conviction for second degree murder. *Id.* at 19; *see People v. Ari*, 2016 Cal. App.

---

[1]    Citations are to the page and docket numbers generated by the Case Management Electronic Case Filing ("CM/ECF") system in the header of each document.

1

Unpub. LEXIS 9344, *1 (Dec. 27, 2016) (stating Petitioner was found guilty of second degree murder by a jury in Contra Costa County in 1991 and sentenced to 19 years to life in prison).[2]  The California Court of Appeal affirmed the judgment on September 18, 1992 in Case No. A054099. (www.appellatecases.courtinfo.ca.gov/, search by case number.)  The California Supreme Court denied a petition for review.  *People v. Ari*, 1993 Cal. LEXIS 1697 (Mar. 24, 1993).

According to documents attached to the Petition, the California Department of Corrections & Rehabilitation ("CDCR") filed a petition for an order authorizing involuntary administration of psychiatric medication to Petitioner under Cal. Penal Code § 2602.  At the hearing before the Office of Administrative Hearings on January 5, 2025, Petitioner was present and represented by counsel.  Oral testimony was received.  On January 9, 2025, the Administrative Law Judge granted the petition, found Petitioner to be gravely disabled and lacking capacity to consent or refuse treatment with psychiatric medications, and authorized involuntary administration of psychiatric medications from January 9, 2025 to January 9, 2026.  (Petition, Dkt. No. 1 at 67, 70-73.)

The Petition does not indicate whether Petitioner filed a motion for reconsideration under Cal. Penal Code § 2602(c)(10) or contested the ALJ's

---

[2]  Petitioner was charged with murder in 1990.  The judge found her not competent to stand trial on April 20, 1990.  After time in Patton State Hospital, the judge found her competent to stand trial on January 22, 1991.  Petitioner pled not guilty and not guilty by reason of insanity.  The jury found her guilty of murder on May 6, 1991.  *Ari*, 2016 Cal. App. Unpub. LEXIS 9344, *2.

findings by filing a petition for writ of administrative mandamus under Cal. Civ. Proc. Code § 1094.5 as provided in Cal. Penal Code § 2602(c)(7)(C).

Petitioner filed a petition for writ of habeas corpus before the Superior Court on February 3, 2025.  The Superior Court denied the petition on February 24, 2025 and explained Petitioner's avenues of relief set forth above.  (Petition, Dkt. No. 1 at 66-69.)  The California Court of Appeal summarily denied a state habeas petition on June 12, 2025.  (*Id.* at 64.)  On August 20, 2025, the California Supreme Court summarily denied a state habeas petition.  (*Id.* at 63.)

On September 2, 2025, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  *Ari v. Parker*, CV 25-8643 WLH (AGR) (C.D. Cal.) (hereinafter "*Ari I*").  On September 22, 2025, the Court dismissed the Petition without prejudice to filing a civil rights action, entered judgment, and denied a certificate of appealability.  (Dkt. Nos. 4-6, *Ari I.*)  The documents were returned as undeliverable by the postal service due to an incorrect address.  (Dkt. Nos. 8-10, *Ari I.*)

On February 22, 2026, Petitioner constructively filed a Petition for Writ of Habeas Corpus.  (Dkt. No. 1.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

3

judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

A challenge of the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc).

Petitioner does not challenge her conviction, sentence, or the duration of her confinement. Instead, she challenges the January 9, 2025 order authorizing involuntary administration of psychiatric medication. The Petition contains five grounds for relief that essentially deny her diagnosis of schizophrenia, argue that the psychiatrists' petitions to the court are full of lies, and challenge administration of anti-psychotic medications. (*Id.* at 5-8.)

Accordingly, Petitioner's claims are not cognizable in federal habeas and must be brought, if at all, as a civil rights action. *See Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not at the core of habeas corpus, and may be brought, if at all, under § 1983."); *Jones v. Newsom*, 2020 U.S. Dist. LEXIS 232561, *2-*3 (E.D. Cal. Dec. 9, 2020) (holding challenge to involuntary administration of psychiatric medications is does not fall within habeas corpus; collecting cases).

A federal court has the authority to construe a habeas corpus petition as a civil rights complaint under certain circumstances. *See Nettles*, 830 F.3d at 936.

However, the Court declines to do so here. First, even assuming the Petition names the correct defendant, it is unclear that Petitioner has exhausted her remedies. As described above, the Petition does not indicate whether Petitioner filed a motion for reconsideration under Cal. Penal Code § 2602(c)(10) or contested the ALJ's findings by filing a petition for writ of administrative mandamus in Superior Court under Cal. Civ. Proc. Code § 1094.5 as provided in Cal. Penal Code § 2602(c)(7)(C). Second, differences in the procedures undertaken in habeas proceedings and civil rights actions, including the amount of filing fees and the potential restrictions on future filings, further counsel against converting the Petition into a civil rights complaint under 42 U.S.C. § 1983. The Court therefore will dismiss the habeas action without prejudice to Petitioner's ability to file a separate civil rights action under 42 U.S.C. § 1983.

### III.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice to Petitioner's ability to file a separate civil rights action.

The Clerk is DIRECTED to send a state prisoner civil rights packet to Petitioner.

DATED: June 1, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

5